UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| HOWARD WILLIAMS,<br><br>            Plaintiff,<br>v.<br><br>NEW JERSEY TRANSIT,<br><br>            Defendant | Civil Action No. 07-623(KSH)<br><br>**OPINION** |

**KATHARINE S. HAYDEN, U.S.D.J.**

## BACKGROUND

Howard Williams, acting pro se, has sued his former employer, New Jersey Transit ("NJ Transit" or "company"), for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. He was a bus driver with NJ Transit for 18 years and was last employed there in 1974. (Amend Compl. ¶ 9.) He alleges NJ Transit:

> [f]ailed to give me my vacation pay and failed to respond to my request for my pension after working for the company for 18 years 1955 to 1974. I was entitled to benefits (after 10 years).

(Id.) He claims that he was diagnosed with four hernias from lifting luggage into bus compartments and went on Social Security disability. (Amend. Compl. ¶ 10.) He alleges that following his injuries NJ Transit "discriminated against [him] and refused [his] pension." (Id.) He further claims that the Union "was supposed to represent [him], [but he] never heard from them." (Id.)

Williams used a complaint form to make his Title VII claim, which required him to "[s]tate as nearly as possible when you filed charges with the Equal Employment Opportunity Commission regarding defendants['] alleged discriminatory conduct." (Amend. Compl. ¶ 7.) He responded, "[d]id not know went to company and union no response." (Id.) The form also required him to

1

state when the EEOC issued him a right-to-sue letter and to attach the letter. (Amend. Compl. ¶ 8.) According to Williams, "[t]he Transit company union represented me, I never heard from the union or the company." (Id.) Williams did not attach a right-to-sue letter to the amended complaint.

Magistrate Judge Shwartz set a deadline of November 9, 2007 for Williams to provide NJ Transit "with any and all documents that reflect he complied with the procedural requirements for bringing a claim under Title VII." (Docket entry # 13.) She further ordered that if Williams "fails to produce such documents by this deadline, then he shall be precluded from presenting such documents in connection with his opposition to the motion to dismiss." (Id.)

In its motion to dismiss, NJ Transit argues that Williams failed to follow the procedural requirements for filing a Title VII claim; failed to state a claim upon which relief can be granted; and that his action was time-barred.

Williams opposed the motion by letter dated November 26, 2007, which gives the following information: he was injured in 1972 while loading and unloading soldiers' bags; he was diagnosed with four hernias; was instructed by doctors not to engage in lifting bags; received Social Security benefits because of the hernias; and was told by the bus company and his union that he needed to return to work or apply for Social Security benefits in order to receive his pension. He claims he was denied his pension even after providing proof of benefits; that the company lost his paperwork; and he has been writing to the company for some time to get his pension.

NJ Transit filed a reply, pointing out that Williams's letter contains purely factual assertions that do not directly address the legal arguments for dismissal based on his failure to present a cognizable claim under Title VII.

**STANDARD**

Rule 12(b)(6) permits courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering the motion, the court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be

2

drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cr. 2002). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). But even pro se plaintiffs are not excused from standard procedural rules and must plead facts to support each element of their claim. See McNeil v. United States, 508 U.S. 106, 113 (1993); Simrin v. Corr. Med. Servs., No. 05-2223, 2006 U.S. Dist. LEXIS 10555, * 3 (D.N.J. Feb. 24, 2006)(Kugler, J.).

**DISCUSSION**

It is beyond dispute that Williams filed this lawsuit without having received a right to sue letter from the EEOC. A careful review of the amended complaint suggests he had no intention of doing so because he did not get involved with the EEOC as a means of addressing his problems with his former employer. He says in paragraphs 6 and 7 that he did not know about the New Jersey Division on Civil Rights or the Equal Employment Opportunity Commission and that he went instead to his company and his union. In paragraph 8 of the form complaint, which asks about his contacts with the EEOC, Williams answers that the transit company union represented him.

The filing of a timely EEOC charge "is a prerequisite to a civil suit under Title VII." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995). Although the requirement is subject to subject to waiver, estoppel, and equitable tolling, Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982), it is not necessary to examine whether circumstances exist to salvage Williams's complaint, because it is evident from his submissions that the events he complains of are not cognizable under Title VII.

A prima facie case under Title VII has these elements: (1) the plaintiff is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment

action; and (4) the action suggests an inference of discrimination because of his membership in the protected class.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Jones v. School Dist., 198 F.3d 403, 410-11 (3d Cir. 1999).

Looking at what this plaintiff is actually complaining about:  in paragraph 9, responding to the text in the form complaint, Williams checked off "B.  Termination of your employment" in the "Acts complained of" section.  He filled in the "Other acts" section this way:

> Failed to give me my vacation pay and failed to respond to my request for my pension after working for the company 18 years 1955 to 1974.  I was entitled to benefits (after 10 years).  Union was supposed to represent me.  I never heard from them.  I was sick and depressed and relied on company and union to do the right thing.

Paragraph 10 of the Title VII form complaint offers the complainant a list of bases "with respect to which" the employer's conduct is discriminatory, including race, color, religion, gender, national origin and leaves a space to check off the relevant categories.  Williams fills out these categories as if they seek pedigree information about himself, and in the blank lines he writes:

> Dr said not to drive bus or lift luggage into buses compartments.  4 hernia's all left side.  Went on social security disability but bus company discriminated against me and refused my pension.

Continuing this theme, in his opposition letter to the moving brief, Williams writes:

> I received social security disability benefits because of the four hernias.  After 10 years I am fully vested and I worked 18 years there.
> Before I received social security benefits I was told by the bus co. and my union to return to work or apply for social security and if awarded, then I would receive my bus co pension.
> I proved to the bus co and the union that I was disabled, yet my pension was denied.
> I appealed, I had documented proof of disability.  The company said they lost paper work, time ran out, other excuses such as admitting they destroy pertinent evidence after [?] years.  I kept writing to them, they would say give us some time, days into months, months into years then never admitting that I put the 18 years in, received the social security disability that they requested, and was entitled to my pension.

> How can a reasonable mind concur that I was treated fairly. There is something deeper here, how can they deny my pension after I received the social security disability which is clear proof I was unable to work and have never returned to work..
> Lost paper work or destroying the same is not a valid reason for denying my pension. What is the real reason? Social security has all the details the bus co and the union should have looked at, had they I would have received my due my pension.

It is evident that the reason Williams filed this lawsuit is that he has not received pension payments from his former employer, New Jersey Transit, whose employ he left in 1974, over 30 years ago. Not only is he out of time to complain about any conduct of the employer under Title VII law,[1] but the failure to pay the pension, deeming his allegation to be true for purposes of the analysis, appears to be based on neglect, poor record keeping, administrative sloppiness, or a deeper reason that plaintiff does not explain. Williams does not charge discrimination beyond the conclusory and bare-boned statement that plaintiff "went on social security disability but bus company discriminated against me and refused my pension." The complained of conduct is the failure to pay pension benefits even though plaintiff allegedly qualified for them. As such, Williams has not shown that his former employer's failure to pay pension benefits is actionable in a Title VII lawsuit. (Even were the allegations construed to be a complaint related to his hernias and resulting disability, which this Court doubts, Williams is sorely out of time to raise this issue after 30 plus years have gone by. And he still would have the obligation to have filed a right-to-sue letter. See Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460 (5th Cir. 1970).)

The Court concludes that Williams is consistent in all of his submissions that his former employer's wrongdoing was failing to pay benefits, not violating his civil rights. As such, further

---

[1] A person bringing a Title VII claim must file a charge with the EEOC within 180 days. 42 U.S.C. § 2000e-5(e)(1). In some cases, a person who files a charge with an appropriate state agency that is able to grant relief from unlawful employment discrimination has 300 days to file a charge. Id. "[I]f the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court." Ledbetter v. Goodyear Tire & Rubber Co., 127 S. Ct. 2162, 2166-67 (2007).

amendment to this Title VII lawsuit would be futile.  The complaint is dismissed against defendant New Jersey Transit for failure to file a right to sue letter, and for failure to state a claim upon which relief may be granted.

## **CONCLUSION**

For the foregoing reasons, NJ Transit's motion to dismiss (docket entry # 15) is **granted**. An appropriate order will be enter.


Dated:  March 31, 2008                                                                   /s/ Katharine S. Hayden
                                                                                                     Katharine S. Hayden
                                                                                                     United States District Judge